# EXHIBIT A

| | |
|---|---|
| County Court Clear Creak County, Colorado<br>Court Address: 405 Argentine<br>Georgetown, CO 80444 | |
| Plaintiff(s): NORA BASS, et al.<br>v.<br>Defendant(s): TESLA, INC. | DATE FILED: May 3, 2024 1:49 PM<br>FILING ID: 8C51CC9941AAF<br>CASE NUMBER: 2024CV30015<br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Jonathan A. Michaels, MLG Attorneys at Law, APLC<br>600 Anton Blvd., Ste. 1200, Costa Mesa, CA 92626<br>Phone Number: (949) 581-6900 E-mail: jmichaels@defectattorney.com<br>FAX Number: (949) 581-6908 Atty. Reg. #: 28501 | Case Number:<br><br>Division Courtroom |
| **SUMMONS** | |

**To the abovenamed Defendant(s): Take notice that**

1. On ______________ (date) at ________(time) in the ______________ County Court, ______________, Colorado, if an answer is not filed, the Court may be asked to enter judgment against you as set forth in the Complaint.
2. A copy of the Complaint against you and an answer form which you must use if you file an answer are attached.
3. If you do not agree with the complaint, then you must either:
   - **a.** Go to the Court, located at 405 Argentine, Georgetown, CO 80444, Colorado, at the above date and time and file the answer stating any legal reason you have why judgment should not be entered against you,
   **OR**
   - **b.** File the answer with the Court before that date and time.
4. When you file your answer, you must pay a filing fee to the Clerk of the Court.
5. If you file an answer, you must give or mail a copy to the Plaintiff(s) or the attorney who signed the complaint.
6. If you do not file an answer, then the Court may enter a default judgment against you for the relief requested in the complaint.
7. If you want a jury trial, you must ask for one in the answer and pay a jury fee in addition to the filing fee.
8. If you want to file an answer or request for a jury trial and you are indigent, you must appear at the above date and time, fill out a financial affidavit, and ask the Court to waive the fee.

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

Dated at 05/03/2024, Colorado, this 03 day of May, 20 24.

by ______________________
Deputy Clerk of Court
CLERK OF COURT

J. Mill
Signature of Attorney for Plaintiff(s) (if applicable)

600 Anton Blvd. 1200, Costa Mesa, CA 92626
Address(es) of Plaintiff(s)

949-581-6900
Telephone Number(s) of Plaintiff's:

This Summons is issued pursuant to Rule 303, Rules of County Court Civil Procedure, as amended. A copy of the Complaint together with a blank answer form must be served with this Summons. This form should not be used where service by publication is desired.

To the clerk: If this Summons is issued by the Clerk of the Court, the signature block for the clerk, deputy and the seal of the Court should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

**WARNING: ALL FEES ARE NON-REFUNDABLE. IN SOME CASES, A REQUEST FOR A JURY TRIAL MAY BE DENIED PURSUANT TO LAW EVEN THOUGH A JURY FEE HAS BEEN PAID.**



Ramona Talvacchio
1962
2024/05/23 14:23:47

<table>
<tr><td>CLEAR CREEK COUNTY DISTRICT COURT<br>STATE OF COLORADO<br>405 Argentine<br>P.O. Box 367<br>Georgetown, CO 80444</td><td rowspan="2">DATE FILED: May 3, 2024 1:49 PM<br>FILING ID: 8C51CC9941AAF<br>CASE NUMBER: 2024CV30015<br><br>↑ COURT USE ONLY ↑</td></tr>
<tr><td>Plaintiffs: NORA BASS, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and R.V.O., a minor, who proceeds by her next friend and natural guardian NORA BASS,<br>v.<br>Defendant: TESLA, INC.; and DOES 1 to 25, inclusive.</td></tr>
<tr><td>Attorney for Plaintiffs<br>Jonathan A. Michaels, Esq. – Bar No. 28501<br>(jmichaels@defectattorney.com)<br>MLG ATTORNEYS AT LAW, APLC<br>600 Anton Blvd., Suite 1200<br>Costa Mesa, CA 92626<br>Telephone: (949) 581-6900<br>Facsimile: (949) 581-6908</td><td>Case Number:<br><br>Division:<br><br>Courtroom:</td></tr>
<tr><td colspan="2">WRONGFUL DEATH COMPLAINT AND JURY DEMAND</td></tr>
</table>

COMES NOW Plaintiffs Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain; and R.V.O, a minor, who proceeds by her next friend and natural guardian, her mother Nora Bass, by and through counsel, MLG Attorneys At Law, APLC, and for their Wrongful Death Complaint against the above-named Defendant states as follows:

## THE PARTIES

1. At all times mentioned in this Complaint, Plaintiff Nora Bass was at all relevant times an individual residing in Jefferson County in the State of Colorado and is the surviving spouse of Decedent Hans Von Ohain. Plaintiff Nora Bass currently resides in Franklin County in the State of Ohio. Plaintiff Nora Bass, as both the surviving spouse and Personal Representative of Decedent Hans Von Ohain, has standing to bring this claim pursuant to Colorado Revised Statutes § 13-21-201.

2. At all times mentioned in this Complaint, Plaintiff R.V.O. is a minor who proceeds by her next friend, natural guardian, and mother, Nora Bass, and was at all relevant times an individual residing in Jefferson County in the State of Colorado. Plaintiff R.V.O. currently resides with her mother in Franklin County in the State of Ohio. Plaintiff R.V.O. is the lawful, and only, child of

Decedent Hans Von Ohain, and has standing to bring this claim pursuant to Colorado Revised Statutes § 13-21-201.

3. Plaintiffs are informed and understand that Defendant Tesla, Inc. was and is a Delaware corporation with its principal place of business in the State of Texas. At all times mentioned herein, Defendant Tesla, Inc. was engaged in the business of designing, manufacturing, marketing, advertising, and distributing consumer automobiles.

4. Plaintiffs are unaware of the true names of Does 1 through 25 and therefore sue them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

## JURISDICTION

5. This Court has personal jurisdiction over Plaintiffs as the Plaintiffs consent to such jurisdiction.

6. This Court has personal jurisdiction over Defendant Tesla, Inc. because it is engaged in the sale of consumer vehicles throughout the state of Colorado, thus providing the Court with general jurisdiction.

## VENUE

7. Venue in this county is proper under Colorado Rules of Civil Procedure 98.

## STATEMENT OF OPERATIVE FACTS

8. This is the tragic case of a profoundly defective automobile that shockingly and irrevocably shattered the life of a beautiful, young family. Hans and Nora fell in love while attending college together in Ohio. After graduation, Nora moved to New York City to work in the marketing and advertising fields and Hans followed her.



9. In 2018, the young couple decided to move to Colorado, a place that Hans had always loved. First moving to Denver, the young couple shortly afterwards moved to the small town of Evergreen. Hans and Nora were blissfully happy in Evergreen. So much so that they decided to begin a family there. In fact, Hans was still on paternity leave at the time of his tragic death.



10. This young father lost his life because of the Defendant's reckless and negligent behavior. As a result, Nora no longer has a husband, and R.V.O. will never know her father. Tragically, his death not only could have but should have been prevented. This wrongful death case is being brought by Decedent Hans Von Ohain's family against the entity whose actions and inactions caused Decedent Hans Von Ohain's premature death.

11. Defendant Tesla, Inc. is a large designer, manufacturer, and distributor of consumer automobiles, distributing millions of vehicles throughout the United States. One of the vehicles that has been long mass distributed by Defendant Tesla, Inc. is the 2021 Tesla Model 3.

12. During the year 2021, Defendant Tesla, Inc. manufactured a 2021 Tesla Model 3 (VIN: 5YJ3E1EB0MF965608). At the time of distributing the vehicle, Defendant Tesla, Inc. repeatedly published advertisements and made statements to consumers that the 2021 Tesla Model 3 was properly designed and skillfully crafted.

13. On the evening of May 16, 2022, Decedent Hans Von Ohain, the driver of the 2021 Tesla Model 3, was traveling westbound along Bear Creek Road, just west of Murphy Road, in Clear Creek County, Colorado. He was accompanied by his friend Erik Rossiter, who sat in the front passenger seat.

14. Decedent Hans Von Ohain activated the 2021 Tesla Model 3's Autopilot features for the drive. With no obstacles on the road, the vehicle easily passed the Murphy Road intersection. However, shortly thereafter, and with no prior indication, the Autopilot system unexpectedly caused the 2021 Tesla Model 3 to sharply veer to the right, leading it off the pavement.

15. Decedent Hans Von Ohain fought to regain control of the vehicle, but, to his surprise and horror, his efforts were prevented by the vehicle's Autopilot features, leaving him helpless and unable to steer back on course.




16. Just as it veered off the road, the 2021 Tesla Model 3 collided with a tree and then burst into flames. Erik Rossiter managed to escape the flaming wreckage, and bravely struggled to free his friend from the fiery inferno. Despite his relentless efforts, Erik could not free Hans from the blazing ruin and was forced to stand by helpless while the 2021 Tesla Model 3 burned his friend alive.




17. At no time after the purchase of the 2021 Tesla Model 3 did any person alter, modify, or change any aspect or component of the vehicle's design or manufacture.

18. Had the Autopilot features of the 2021 Tesla Model 3 operated properly, the vehicle would not have veered off the road, collided with a tree, burst into flames, and Hans Von Ohain's gruesome and painful death would have been avoided.

**FIRST CAUSE OF ACTION**
**STRICT LIABILITY – MANUFACTURING DEFECT**
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

19. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

20. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

21. The 2021 Tesla Model 3 driven by Decedent Hans Von Ohain contained a manufacturing defect when it left Defendant Tesla, Inc.'s possession.

22. Decedent Hans Von Ohain was harmed by the 2021 Tesla Model 3.

23. The 2021 Tesla Model 3's defect was a substantial factor in causing Decedent Hans Von Ohain's harm.

24. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

**SECOND CAUSE OF ACTION**
**STRICT LIABILITY – DESIGN DEFECT**
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

25. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

26. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

27. The 2021 Tesla Model 3 driven by Decedent Hans Von Ohain contained a design defect in the following respects:

a. It did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

b. The benefits of the vehicle's design did not outweigh the risks of the design, when considering the gravity of the potential harm resulting from the use of the vehicle, the likelihood that this harm would occur, the feasibility of an alternative safer design at the time of manufacture, the cost of an alternative design, and the disadvantages of an alternative design.

28. Decedent Hans Von Ohain was harmed by the 2021 Tesla Model 3.

29. The 2021 Tesla Model 3's defect was a substantial factor in causing Decedent Hans Von Ohain's harm.

30. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION
## NEGLIGENCE
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

31. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

32. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

33. Defendant Tesla, Inc. was negligent in designing, manufacturing, marketing, advertising, and distributing the 2021 Tesla Model 3.

34. Decedent Hans Von Ohain was harmed by the 2021 Tesla Model 3.

35. Defendant Tesla, Inc.'s negligence was a substantial factor in causing Decedent Hans Von Ohain's harm.

36. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE – FAILURE TO RECALL**
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

37. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

38. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

39. Defendant Tesla, Inc. knew or reasonably should have known that the 2021 Tesla Model 3 was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

40. Defendant Tesla, Inc. became aware of this defect after the 2021 Tesla Model 3 was distributed.

41. Defendant Tesla, Inc. failed to recall the 2021 Tesla Model 3.

42. A reasonable distributor under the same or similar circumstances would have recalled the 2021 Tesla Model 3.

43. Decedent Hans Von Ohain was harmed by the 2021 Tesla Model 3.

44. Defendant Tesla, Inc.'s failure to recall the 2021 Tesla Model 3 was a substantial factor in causing Decedent Hans Von Ohain's harm.

45. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE – FAILURE TO WARN**
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

46. Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

47. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 purchased and driven by Decedent Hans Von Ohain.

48. Defendant Tesla, Inc. knew or reasonably should have known that the 2021 Tesla Model 3 was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

49. Defendant Tesla, Inc. became aware of this defect after the 2021 Tesla Model 3 was distributed.

50. Defendant Tesla, Inc. failed to warn Decedent Hans Von Ohain of the 2021 Tesla Model 3's defects.

51. A reasonable distributor under the same or similar circumstances would have warned purchasers and users of the 2021 Tesla Model 3's defects.

52. Decedent Hans Von Ohain was harmed by the 2021 Tesla Model 3 defects and Defendant Tesla, Inc.'s failure to warn.

53. Defendant Tesla, Inc.'s failure to warn Decedent Hans Von Ohain of the 2021 Tesla Model 3's defects was a substantial factor in causing Decedent Hans Von Ohain's harm.

54. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased, Against Defendant Tesla, Inc.)**

55. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

56. Defendant Tesla, Inc. gave Plaintiff Nora Bass and Decedent Hans Von Ohain a written warranty that the 2021 Tesla Model 3 would be free of defects and that it could be safely used as a consumer vehicle.

57. The 2021 Tesla Model 3 did not perform as warranted.

58. Defendant Tesla, Inc. failed to repair the 2021 Tesla Model 3 as required by the warranty.

59. Plaintiff Nora Bass and Decedent Hans Von Ohain were harmed by the 2021 Tesla Model 3.

60. The failure of the 2021 Tesla Model 3 to be as represented was a substantial factor in causing Plaintiff Nora Bass and Decedent Hans Von Ohain's harm.

61. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiff Nora Bass has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased, Against Defendant Tesla, Inc.)

62. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

63. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

64. At the time the 2021 Tesla Model 3 was sold, Defendant Tesla, Inc. was in the business of selling consumer vehicles and it held itself out as having special knowledge and skill regarding consumer vehicles.

65. The 2021 Tesla Model 3 was not of the same quality as those generally acceptable in the trade, nor was it fit for the ordinary purposes for which consumer vehicles are used.

66. Plaintiff Nora Bass and Decedent Hans Von Ohain were harmed by the 2021 Tesla Model 3.

67. The failure of the 2021 Tesla Model 3 to have the expected quality was a substantial factor in causing Plaintiff Nora Bass and Decedent Hans Von Ohain's harm.

68. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiff Nora Bass has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

## EIGHTH CAUSE OF ACTION
## COLORADO CONSUMER PROTECTION ACT
## (Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased, Against Defendant Tesla, Inc.)

69. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

70. This cause of action is brought pursuant to the Colorado Consumer Protection Act, C.R.S. § 6-1-101, et. Seq.

71. Plaintiff Nora Bass and Decedent Hans Von Ohain were "consumers" within the meaning of C.R.S. §6-1-113. Plaintiff Nora Bass is also a "successor-in-interest" within the meaning of C.R.S. §6-1-113. Defendant Tesla, Inc. is a "person" within the meaning of C.R.S. §§ 6-1-102 and 6-1-113.

72. On June 1, 2022, Plaintiff Nora Bass and Decedent Hans Von Ohain entered into a transaction with Defendant Tesla, Inc. for the acquisition of the 2021 Tesla Model 3.

73. Defendant Tesla, Inc. engaged in unfair and deceptive acts or practices relating to Plaintiff Nora Bass and Decedent Hans Von Ohain's acquisition of the 2021 Tesla Model 3 by representing that Defendant Tesla, Inc. has a "commitment to safety," that "[i]mproving occupant safety has always been key to our mission," that all of its "vehicles are built off a safety-first architecture," and that its vehicle's possess "the highest levels of real-world safety," when such representations were untrue.

74. Additionally, Defendant Tesla, Inc. engaged in unfair and deceptive acts or practices relating to Plaintiff Nora Bass and Decedent Hans Von Ohain's acquisition of the 2021 Tesla Model 3 by representing that the Tesla Model 3 was engineered "to be the safest" car "built to date," and that it has "the lowest probability of injury of any vehicle ever tested by" the National Highway Traffic Safety Administration. when such representations were untrue.

75. The act of making such untrue representations violated C.R.S. § 6-1-105(1)(e) (making a false representation as to the characteristics of goods), C.R.S. § 6-1-105(1)(g) (representing that goods are of a particular standard, quality, or grade if they know or should know that they are of another), and C.R.S. § 6-1-105(1)(u) failing to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction).

76. Plaintiff Nora Bass and Decedent Hans Von Ohain were harmed as a direct, legal, and proximate result Defendant Tesla, Inc.'s unfair and deceptive practices.

77. Defendant Tesla, Inc.'s conduct was a substantial factor in causing Plaintiff Nora Bass and Decedent Hans Von Ohain's harm.

78. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiff Nora Bass has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

79. Pursuant to C.R.S. § 6-1-113, Plaintiff is entitled to all reasonable attorneys' fees incurred in prosecuting this action.

## NINTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

80. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

81. In 2019, Defendant Tesla, Inc. was a new, small company that was plagued with financial misfortunes. It was struggling in direct competition with large, entrenched automobile companies. And it had suffered approximately $4 billion dollars in net losses.

82. In order to rescue itself from its weakened market position, Defendant Tesla, Inc. placed its hopes for financial salvation upon the development and marketing of its new Autopilot system. Indeed, Ashok Elluswamy, the Director of Tesla's Autopilot Division, has admitted that in 2019 Autopilot was critical to Tesla's success.

83. In order to accomplish this feat, Defendant Tesla, Inc. was compelled to mass produce Autopilot-equipped vehicles – something it had no experience in doing. Its inexperience in mass-producing vehicles, coupled with the pressing market conditions, inevitably led to Defendant Tesla, Inc.'s injection of defective vehicles into the stream of commerce.

84. Defendant Tesla, Inc. knowingly released its Autopilot system for sale in vehicles when it was in a prototype state and unready for consumers. Because of the market pressures the company was experiencing, Defendant Tesla, Inc. made the conscious decision to release the 2021 Tesla Model 3 with prototypical software even though it: 1) admittedly had no experience in mass-producing vehicles; 2) knew that it could be releasing defect-laden vehicles to the public; and, 3) had no way of telling which vehicles it released, or how many, might contain defects.

85. Defendant Tesla, Inc. was aware of the inadequacies and defects with the vehicle's Autopilot. Defendant Tesla, Inc. failed to disclose to purchasers that the Autopilot system on the 2021 Model 3 was in a prototypical, or beta, state.

86. The Society of Automotive Engineers has established a criterion for ranking driver automation systems. The SAE's taxonomy encompasses six automation levels for automobiles: level zero with no systems to level five, which is fully self-driving. Defendant Tesla, Inc.'s system qualifies as a Level 2 system, which is a "partial automation" system. Defendant Tesla, Inc., however, used deeply misleading names – "Autopilot" and "Full Self-Driving" – to market its system. It used these misleading names in order to lure consumers into purchasing its products, thinking that they had abilities far beyond a Level 2 system.

87. It also marketed its Autopilot system with misleading promotional videos.

88. Tesla's October 2016 promotional video "Full Self-Driving Hardware on All Teslas" is but one chilling example of the company's reckless disregard for consumer safety and truth. By showcasing a Tesla vehicle navigating traffic **without any hands** on the steering wheel, Tesla irresponsibly misled consumers into believing that their vehicles possessed capabilities far beyond reality. The brief disclaimer provided is a feeble attempt to absolve Tesla of legal liability, while doing little to warn consumers of the dangers inherent in relying on incomplete autonomous technology.




89. Tesla deceptively marketed its Autopilot system again with a November 2016 promotional video posted on its website. "Self-Driving Demonstration" is another example of Tesla's reckless disregard for consumer safety. By showcasing a Tesla vehicle being operated **without the driver's hands** on the steering wheel, Tesla again misled consumers into believing that their vehicles possessed full autonomous capabilities. Tesla's brief disclaimer, provided at the video's outset, again fails to mitigate the potential dangers of Tesla's unproven technology.



90. Ashok Elluswamy's involvement in supervising and approving the misleading marketing videos for Tesla's Autopilot system stands as an indictment of his disregard for consumer safety and truth. By participating in the production of these videos, Elluswamy knowingly perpetuated a **false narrative**, concealing crucial information about the vehicle's involvement in a crash during filming. Elluswamy's deliberate deception betrayed consumer's trust and endangered lives by fostering a false sense of security in Tesla's technology.

91. Defendant Tesla, Inc., therefore, made material omissions concerning a presently existing or past fact. Specifically, Defendant Tesla, Inc. did not fully and truthfully disclose to its customers, including Plaintiff and Decedent, the true nature of the 2021 Tesla Model 3's technical qualities, performance, benefits, and characteristics. Defendant Tesla, Inc., likewise, did not fully and truthfully disclose to its customers, including Plaintiff and Decedent, the true nature of the 2021 Tesla Model 3's technical abilities, or its inherent defects. Said defects were not readily discoverable until years later – in Plaintiff's case, when the wreck occurred.

92. Defendant Tesla, Inc. – choosing to prioritize profits over consumer safety – made these representations with knowledge of their falsity, and with the intent that Plaintiff rely on them.

93. Plaintiff Nora Bass and Decedent Hans Von Ohain reasonably relied on these omissions and suffered damages as a result.

94. As a result, Plaintiff Nora Bass and Decedent Hans Von Ohain were fraudulently induced to purchase the defective 2021 Tesla Model 3 and all of its associated problems.

95. Plaintiff Nora Bass and Decedent Hans Von Ohain were both harmed by Defendant Tesla, Inc.'s conduct.

96. Defendant Tesla, Inc.'s conduct was a substantial factor in causing Plaintiff Nora Bass and Decedent Hans Von Ohain's harm.

97. As a direct, proximate, and legal cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

## TENTH CAUSE OF ACTION
## LOSS OF CONSORTIUM
## (Nora Bass Against Defendant Tesla, Inc.)

98. Plaintiff Nora Bass repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

99. Decedent Hans Von Ohain was killed by the 2021 Tesla Model 3.

100. Plaintiff Nora Bass was the lawful wife of Decedent Hans Von Ohain.

101. Plaintiff Nora Bass has been harmed by the injury to Decedent Hans Von Ohain.

102. Defendant Tesla, Inc.'s conduct was a substantial factor in causing Plaintiff Nora Bass's harm.

103. Plaintiff Nora Bass's harm was proximately caused by Defendant Tesla, Inc.'s conduct.

104. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct Plaintiff Nora Bass has suffered the loss of Decedent Hans Von Ohain's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the enjoyment of sexual relations or ability to have children.

105. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiff has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

## ELEVENTH CAUSE OF ACTION
## SURVIVAL ACTION – C.R.S. § 13-20-101
## (Nora Bass as Personal Representative of the Estate of Hans Von Ohain, Decedent, Against Defendant Tesla, Inc.)

106. Plaintiff Nora Bass, as Personal Representative of the Estate of Hans Von Ohain, repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

107. Plaintiff Nora Bass is Decedent Hans Von Ohain's Personal Representative pursuant to Colorado Revised Statute § 377.11.

108. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

109. Defendant Tesla, Inc. was negligent in designing, manufacturing, marketing, advertising, and distributing the 2021 Tesla Model 3.

110. The 2021 Tesla Model 3 driven by Decedent Hans Von Ohain caused his death.

111. Defendant Tesla, Inc.'s negligence, and the 2021 Tesla Model 3's defects, were substantial factors in causing Decedent Hans Von Ohain's injuries which led to his death.

112. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiff Nora Bass, as Personal Representative of the Estate of Hans Von Ohain, has sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

**TWELVTH CAUSE OF ACTION**
**WRONGFUL DEATH – C.R.S. § 13-21-201**
**(Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and, R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass, Against Defendant Tesla, Inc.)**

113. Plaintiffs repeat every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

114. Plaintiffs have standing to bring this claim pursuant to Colorado Revised Statutes § 13-21-201.

115. Defendant Tesla, Inc. designed, manufactured, marketed, advertised, and distributed the 2021 Tesla Model 3 driven by Decedent Hans Von Ohain.

116. Defendant Tesla, Inc. was negligent in designing, manufacturing, marketing, advertising, and distributing the 2021 Tesla Model 3.

117. The 2021 Tesla Model 3 driven by Decedent Hans Von Ohain caused his death.

118. Defendant Tesla, Inc.'s negligence, and the 2021 Tesla Model 3's defects, were substantial factors in causing Decedent Hans Von Ohain's injuries which led to his death.

119. As a direct, legal, and proximate cause of Defendant Tesla, Inc.'s conduct, Plaintiffs have sustained damages in an amount to be proven at trial, but which are in excess of the minimum jurisdictional limits of this Court.

**PLAINTIFFS DEMAND TRIAL TO A JURY OF SIX PERSONS**

**WHEREFORE,** Plaintiffs pray that the Court award the following:

First Cause of Action
1. Compensatory damages.

Second Cause of Action
1. Compensatory damages.

Third Cause of Action
1. Compensatory damages.

Fourth Cause of Action
1. Compensatory damages.

Fifth Cause of Action
1. Compensatory damages.

<u>Sixth Cause of Action</u>
1. Compensatory damages.

<u>Seventh Cause of Action</u>
1. Compensatory damages.

<u>Eighth Cause of Action</u>
1. Compensatory damages.
2. Reasonable attorney's fees pursuant to C.R.S. § 6-1-113.

<u>Ninth Cause of Action</u>
1. Compensatory damages.

<u>Tenth Cause of Action</u>
1. Compensatory damages.

<u>Eleventh Cause of Action</u>
1. Compensatory damages.

<u>Twelfth Cause of Action</u>
1. Compensatory damages.

<u>All Causes of Action</u>
1. Costs of suit herein incurred;
2. Attorney's fees as provided by law.
3. Interest as provided by law.
4. For such other and further relief as the Court may deem just and proper.

**MLG ATTORNEYS AT LAW, APLC**

Dated: May 3, 2024 By: ______________________

Jonathan A. Michaels, Esq.
Attorneys for Plaintiffs,
Nora Bass, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and R.V.O., a minor, who proceeds by her next friend and natural guardian Nora Bass

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: May 3, 2024 1:49 PM
FILING ID: 8C51CC9941AAF
CASE NUMBER: 2024CV30015

| | |
|---|---|
| District Court Clear Creak County, Colorado<br>Court Address: 405 Argentine<br>P.O. Box 367<br>Georgetown, CO 80444<br><br>Plaintiff(s): Nora Bass, et al.<br>v.<br>Defendant(s): TESLA, INC. | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Jonathan A. Michaels, MLG Attorneys at Law, APLC<br>600 Anton Blvd., Ste. 1200, Costa Mesa, CA 92626<br>Phone Number: (949) 581-6900 E-mail: jmichaels@defectattorney.co<br>FAX Number: (949) 581-6908 Atty. Reg. #: 28501 | Case Number: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,
COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT
AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☒ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   > By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

   **Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

**Date:** 05/03/24

Nora Bass
Nora Bass (May 3, 2024 10:37 EDT)
**Signature of Party**

**Date:** 05/03/2024

**Signature of Attorney for Party (if any)**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| | |
|---|---|
| DISTRICT COURT, CLEAR CREEK COUNTY, COLORADO<br>405 Argentine St., P.O. Box 367<br>Georgetown, Colorado 80444<br>Phone: (303) 569-0820 | DATE FILED: May 3, 2024 4:58 PM<br>CASE NUMBER: 2024CV30015 |
| PLAINTIFF: NORA BASS, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and R.V.O., a minor, who proceeds by her next friend and natural guardian NORA BASS<br><br>**v.**<br><br>DEFENDANTS: TESLA, INC.; and DOES 1 to 25, inclusive. | ▲COURT USE ONLY▲<br><br>Case No. 2024CV30015<br><br>Division C |
| **ORDER FOR DISCOVERY PROTOCOL** | |

The following discovery protocols shall guide all counsel in their conduct of written and oral discovery in this case.

## PREAMBLE

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

## PLEADINGS NOT TO BE FILED WITH THE COURT

Rule 5(d) and 121, Section 1012, CRCP provide that interrogatories, requests for admission, requests for production, depositions, and responses thereto are NOT to be filed with the Court. Further, if relief is sought under Rules 26 (c) or Rule 37 (a), CRCP, only copies of the relevant portions of discovery are to be submitted. Finally, the court will not entertain Rule 37 (a) Motions unless accompanied by the required certification of conferring with counsel.

## WRITTEN DISCOVERY

1. The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

2. When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4. A response to a discovery request that does not provide information or materials requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or materials is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5. Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

   a. The information required by CRCP 26(b)(5);
   b. The date of the information or material;

c. All authors and recipients; and
d. The specific privilege or protection which is claimed.

## DEPOSITIONS

1. Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure, including Rule 121, Section 1-12 regarding the scheduling of depositions.

2. During all depositions, counsel shall adhere strictly to CRCP 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under CRCP 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a CRCP 30(d)(3) motion (to terminate or a bad faith deposition). Objections to form shall be stated "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3. There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4. It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5. A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending, or a document is being reviewed, except as permitted by CRCP 30(d)(1).

6. Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of CRCP 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a

question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

SO ORDERED this May 3, 2024.

**BY THE COURT:**

**Catherine J. Cheroutes**
**District Court Judge**

| | |
|---|---|
| DISTRICT COURT, CLEAR CREEK COUNTY, COLORADO<br>405 Argentine St., P.O. Box 367<br>Georgetown, Colorado 80444<br>Phone: (303) 569-0820 | DATE FILED: May 3, 2024 4:57 PM<br>CASE NUMBER: 2024CV30015 |
| PLAINTIFF: NORA BASS, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and R.V.O., a minor, who proceeds by her next friend and natural guardian NORA BASS<br><br>v.<br><br>DEFENDANTS: TESLA, INC.; and DOES 1 to 25, inclusive | ▲COURT USE ONLY▲<br><br>Case No.<br>2024CV30015<br><br>Division C |
| **ORDER REGARDING DUTY TO CONFER** | |

C.R.C.P. 121 § 1-15(8) states that "[m]oving counsel shall confer with opposing counsel before filing a motion." At the outset of this action, the Court now provides the parties with its interpretation of this rule, so that the parties will have a clearer understanding of their duties in the event they decide to file motions as the matter proceeds.

The clear purpose of Rule 121 is to require the parties to identify and attempt to resolve emerging issues before engaging in motion practice. The plain language definition of the word "confer" means "[t]o meet in order to deliberate together or compare views; consult." American Heritage Dictionary of the English Language. From the foregoing, the Court puts the parties on notice that the word "confer" requires the moving party to partake in interactive discussions with any party who might potentially oppose the relief requested. Before filing a motion, the moving party must speak with a party, either face-to-face or via phone, in order to satisfy the duty to confer. It is unacceptable for the parties to "confer" by non-interactive means, including but not limited to voice message, e-mail, letter, fax, or text message.

In further interpreting the first sentence of C.R.C.P. 121 § 1-15(8) above, the Court reads the word "shall" as creating a mandatory requirement. Accordingly, before filing a Motion, the Court routinely expects the moving party to confer with any potentially opposing party, as detailed above.

C.R.C.P. 121 § 1-15(8) does provide that, "[i]f no conference has occurred, the reason why shall be stated." On occasions where the moving party offers such a reason in lieu of actually conferring, the Court expects the reason to be explained in substantive detail. The Court also expects it to fall within the realm of an unusual

occurrence. On one end of the spectrum, it will not be acceptable for the moving party to make one phone call, leave a voicemail requesting the opposing party to confer, and then submit a corresponding motion shortly thereafter. Contemporaneously, the Court will not require a moving party to be hamstrung, where said party has attempted to contact the opposing party on numerous occasions, left several voice messages asking to confer, but has nonetheless received no return communication in a timely fashion. Since individual circumstances vary between these two extremes, the Court will evaluate whether the parties have satisfied the duty to confer on a case-by-case basis.

Finally, the Court reads C.R.C.P. 121 § 1-15(8) as applying to *pro se* parties in the same manner as it applies to any attorney entering an appearance before this Court.

SO ORDERED this May 3, 2024.

CLEAR CREEK COMBINED COURTS GEORGETOWN, COLO.

**BY THE COURT:**

**Catherine J. Cheroutes**
**District Court Judge**

| | |
|---|---|
| DISTRICT COURT, CLEAR CREEK COUNTY, COLORADO<br>405 Argentine St., P.O. Box 367<br>Georgetown, Colorado 80444<br>Phone: (303) 569-0820 | DATE FILED: May 3, 2024 5:00 PM<br>CASE NUMBER: 2024CV30015 |
| PLAINTIFF: NORA BASS, individually, and as personal representative of the Estate of Hans Von Ohain, deceased; and R.V.O., a minor, who proceeds by her next friend and natural guardian NORA BASS<br>v.<br><br>DEFENDANTS: TESLA, INC.; and DOES 1 to 25, inclusive | ▲COURT USE ONLY▲<br><br>Case No.<br>2024CV30015<br><br>Division C |

**DELAY REDUCTION AND E-FILING ORDER**

I. All civil courts in the Fifth District are on a delay reduction docket. Deadlines that must be met are:

1. Service of Process: Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

2. Default Judgment: Application for default judgment shall be filed within 35 days after default has occurred.

3. Case Management: Plaintiff shall contact the Clear Creek Clerk's office at ClearCreekClerk@judicial.state.co.us or (303) 569-0820 to obtain dates for the case management conference and shall complete the setting of the case management conference within 30 days from the date the case becomes at issue. A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court shall direct.

The Court will consider extending time periods upon timely filing of a motion showing good cause.

IF AN ATTORNEY OR *PRO SE*[1] PARTY FAILS TO COMPLY WITH PART I OF THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY RULE 121, SECTION 1-10, AND RULE 41(B) (2).

II. Any *pro se* party shall submit, in writing, to the Court a valid mailing address where they will receive copies of pleadings filed with the Court.

III. Proposed Findings and/or Orders must be submitted with any Motion, Response, or Objection presented to the Court (see also Section IV(D) below).

IV. The Fifth Judicial District Court requires all parties to serve their pleadings using Electronic Case Filing ("e-filing"). After engaging in an extensive trial period, this Court mandated e-filing because it fosters both economy and efficiency for the Court and the parties appearing before it. As part of the e-filing system and also in an effort to facilitate a "paper on demand" environment, the Court sets forth the following formatting standards:

A. **Case Types:** Use of the e-filing system is mandatory in all CV and PR case types, including "sealed" and "suppressed" cases.

B. **Exception for *Pro Se* parties:** Irrespective of IV(A) above, *pro se* parties will be permitted to submit paper pleadings and exhibits to the Court. The Court's staff will scan and upload such documents to the e-filing system.

C. **Entry of Mailing Address(es) for Service of Pleadings:**

1. As soon as Plaintiff identifies the correct mailing address for service of pleadings to any other party in this action, Plaintiff shall immediately cause said address to be properly entered in the Court's e-filing system. A *pro se* Plaintiff must contact the Court's Division Clerk to assist in satisfying this requirement.

2. Until Plaintiff causes a party's address to be entered in compliance with Section IV(C)(1), Plaintiff shall maintain a continuing obligation in this action regarding said party to: (a) timely serve all pleadings upon them; and also (b) provide copies of orders from the Court within 3 days of Plaintiff's receipt thereof.

---

[1] "*Pro se*" means a person who is a party in a case but is not represented by an attorney. While a person may appear before this Court in a *pro se* capacity, a corporation or similar entity cannot do so and must be represented by an attorney.

D. **Submission of Proposed Findings and/or Orders:** All PROPOSED FINDINGS AND/OR ORDERS must be submitted using direct upload of the pleading from a word processing format to the e-filing system.

E. **Submission of Pleadings:** All PLEADINGS must be submitted using one of the following two methods: (1) direct upload of the pleading from a word processing format to the e-filing system; or (2) electronic conversion of the pleading from a word processing format into a PDF format and then direct upload of said PDF to the e-filing system.[2] Except as otherwise provided in Section IV(f) below, Parties shall NOT upload pleadings into the e-filing system as scanned or graphic images, or in any other manner that prevents the Court from copying/pasting text or employing enhanced search functionality within a pleading. Pleadings, not in compliance, may be rejected to compel the party to properly re-file them.

F. **Submission of Exhibits, Form/Preprinted Pleadings & Returns of Service:** All EXHIBITS, FORM/PREPRINTED PLEADINGS, and RETURNS OF SERVICE, and SWORN DOCUMENTS (e.g. affidavits) must be submitted through the e-filing system. However, they may be submitted as scanned or graphic images.

G. **Document Size**:

1. Pursuant to Rule 120 § 1-15(1), motions or briefs "in excess of 10 pages in length, exclusive of tables and appendices, are discouraged." Any party seeking to submit a motion or brief in greater length shall file a motion beforehand, requesting the Court's leave and briefly explaining the need for doing so.
2. The current size limit for each document filed electronically is 1.5 megabytes.[3] For the purpose of this procedure, each electronically filed pleading, motion, brief, or other paper is a separate document. Any document, which exceeds 1.5 megabytes, shall be separated into electronic files of 1.5 megabytes or less each.

H. **Color or Graphics**: Documents scanned in color, grey scale, or containing graphics result in larger file sizes and take longer to download. Therefore, filers should configure scanners to scan documents at 200dpi (dots per inch) and not in color or grey scale.

---

[2] For further information, please see "best practices" at http://lexisnexis.com/fileandserveextranet/BestPractices.aspx

[3] 1.5 megabytes may be equivalent to approximately 50 pages of plain, typed text or 25 pages of scanned information.

I. **<u>Exhibits of Large Physical Size</u>:** If a party desires to submit a plat, an architectural design, or some other exhibit that is physically too large to be e-filed, the party shall file a written request with the Court to do so beforehand.

J. **<u>Title of Pleadings</u>:** In submitting pleadings using the e-filing system, the parties must provide a full title, which matches as closely as possible the actual title of the corresponding document being submitted. Pleadings that do not have conforming titles may be rejected to compel the party to properly re-file said pleading.

K. **<u>Category for Pleadings</u>:** In submitting pleadings using the e-filing system, the parties must also provide a pleading category that matches the identifiable and specific category of the actual pleading being submitted. For example, if a specific category exists for a pleading in the e-filing system, parties may not submit said pleadings with the category "filing other." Pleadings with improper category designations may be rejected to compel the party to properly re-file said pleading.

L. **<u>Minute Orders</u>:** In order to ensure that a complete case history is available through the e-filing system, the Court will upload Eclipse "minute orders" into the e-filing system.

M. **<u>Requests for Paper Copies</u>:** If a request is made to the Court for a paper document from an electronically filed case, the Register of Actions will be printed out from the Lexis Nexis "Case History," and the requesting party asked to specifically identify the document they wish to see. Paper copies of documents contained in the electronic file will be produced only when requested.

N. **<u>Charges for Paper Copies</u>:** If a paper copy of a document from an electronic file is created, that document will then be printed for the requesting party. $.75 per page will be charged, only if the requesting party wishes to keep the document. There is no charge if the requesting party only wishes to view the document.

O. **Commencing a CV Case**: In CV cases, the e-filing system requires that the Complaint be the first document filed in order to properly commence the case.

SO ORDERED this May 3, 2024.

**BY THE COURT:**

**Catherine J. Cheroutes**
**District Court Judge**