# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Case No.: 1:24-CV-01760-SKC-SBP

NORA BASS, individually, and as personal
representative of the Estate of Hans Von Ohain, deceased;
and R.V.O., a minor, who proceeds by her next friend and
natural guardian NORA BASS, an individual:

    Plaintiffs,

vs.

TESLA, INC.; and DOES 1 to 25, inclusive;

    Defendant.

---

## SCHEDULING ORDER
---

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Scheduling Order:

**I.     RULE 26(f) CONFERENCE**

Pursuant to Rule 26(f), the parties held a meeting on August 20, 2024, which was attended by the following attorneys:

| | |
|---|---|
| Jonathan A. Michaels<br>Carol A. Baidas<br>MLG Attorneys at Law, APLC<br>600 Anton Blvd., Ste. 1200<br>Costa Mesa, CA 92626<br>(949) 581-6900<br><br>Attorneys for Plaintiffs | Joel Smith<br>Bowman and Brooke LLP<br>1441 Main St., Suite 1200<br>Columbia, SC 29201<br>(803) 726-7422<br><br>Kent Warren<br>Bowman and Brooke LLP |

6000 Fairview Rd, Suite 1200
Charlotte, NC 28210
(980) 987-3715

Attorneys for Defendant

## II. STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1332 in that this action is a civil action between citizens of different states in which the amount in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000.00).

Plaintiff Nora Bass is a citizen of Franklin County, Ohio. At all relevant times in the Complaint, was a resident of Colorado. Minor child R.V.O. was a resident of Jefferson County Colorado at the time of the incident, and currently resides in Franklin County, Ohio.

The incident that is the basis for this action occurred in Colorado.

At the time the action was filed, Defendant Tesla was a Delaware corporation with its principal place of business in Texas.

Based on the Statement of Damages submitted by Plaintiffs in conjunction with their initial filing of the instant action, they are seeking in excess of $30,000,000 in damages.

## III. STATEMENT OF CLAIMS AND DEFENSES

### A. Plaintiff's Claims:

Plaintiffs have filed claims against Tesla for both manufacturing and design defect in the 2021 Tesla Model 3, driven by Hans Von O'Hain on May 16, 2022, which

2

crashed causing his death. Plaintiffs maintain that the Decedent was operating his Tesla with the Autopilot features engaged. During the ride home that evening, the Tesla's Autopilot system unexpectedly caused the 2021 Tesla Model 3 to sharply veer to the right, leading it off the pavement, where it crashed into a large tree and then burst into flames. Decedent's passenger and friend, Erik Rossiter was able to free himself from the vehicle after impact, but despite valiant efforts, he was unable to rescue Hans from the car. Hans burnt to death.

Plaintiffs assert that the design/manufacturing defect(s) existing in the subject vehicle caused it to veer off the roadway and into the tree. Defendant Tesla, Inc. knowingly released its Autopilot system for sale in vehicles when it was in a prototype state and unready for consumers. Tesla released the 2021 Tesla Model 3 with prototypical software even though it was aware of the inadequacies and defects with the vehicle's Autopilot. Defendant Tesla, Inc. did not disclose to purchasers that the Autopilot system on the 2021 Model 3 was in a prototypical state and that it was nowhere near the level of automation that would allow the vehicle to literally drive itself.

Plaintiffs have also alleged negligence, failure to warn, and failure to recall due to Tesla's failure to recall the vehicle due to its defective systems, and failure to warn purchasers when Tesla was aware the vehicle had defects and as a result, could be dangerous, even during reasonable use.

Plaintiffs also alleges Tesla breached express and implied warranties. Upon purchase of the vehicle, Tesla gave Plaintiff Nora Bass and Decedent Hans Von Ohain

3

a written and express warranty that the 2021 Tesla Model 3 would be free of defects and that it could be safely used as a consumer vehicle. Due to its defects, nothing could be further from the truth. Tesla also breached the implied warranty of merchantability as the manufacturer, designer, and distributor of the subject vehicle. Based on the facts contained in Plaintiffs' complaint, the 2021 Tesla Model 3 was not of the same quality as those generally acceptable in the trade, nor was it fit for the ordinary purposes for which consumer vehicles are used.

Plaintiffs maintain a claim for a violation of the Colorado Consumer Protection Act, codified in C.R.S. § 6-1-105, as well as fraudulent concealment. Tesla did so by touting its "commitment to safety," that "improving occupant safety has always been key to our mission," that all of its "vehicles are built off a safety-first architecture," and that its vehicle's possess "the highest levels of real-world safety". Tesla has repeatedly and publicly claimed that the Tesla Model 3 was engineered "to be the safest" car "built to date," and that it has "the lowest probability of injury of any vehicle ever tested by" the National Highway Traffic Safety Administration. Such representations were untrue. These unfair and deceptive actions have caused irreparable harm to Plaintiffs.

With regard to Plaintiffs' claim of fraudulent concealment, The Society of Automotive Engineers classification of vehicle automation contains six automation levels for automobiles, with zero meaning no automation, and Level 5 - a vehicle that can completely drive itself. In fact, the 2021 Model 3's autopilot system was only Level 2. Knowing this, and the fact that the 2021 Model 3 contained a prototype autopilot

4

system, Tesla marketing and advertised the vehicle and its autopilot system as being "Full Self-Driving". Tesla did not just state this at conferences, interviews, on YouTube, and in print, it also posted a video on its website in October 2016 entitled "Full Self-Driving Hardware on All Teslas", which depicts a Model 3 negotiating on roads and in city traffic, without the driver's hands ever touching the steering. In so doing, Tesla concealed the low level of autonomy the car actually possessed, and convinced consumers, including Decedent, that the vehicle was capable of driving without any input from a human.

Plaintiff believes Tesla behaved in this manner in order to lure consumers into purchasing its products, thinking that they had abilities far beyond a Level 2 system. Tesla made these representations with knowledge of their falsity, and with the intent that Plaintiff rely on them.

Lastly, Plaintiffs file claims regarding the loss of Hans, specifically, loss of consortium and wrongful death and survival claims. These claims are based on Tesla's negligent design, manufacture, marketing, advertising, and distribution of the 2021 Tesla Model 3. Tesla's negligence, and the 2021 Tesla Model 3's defects, were substantial factors in causing Decedent Hans Von O'Hain's injuries and death. As a result, Han's wife, Nora Bass has been forever deprived of the love, companionship, financial and moral support, comfort, care, etc., of Decedent. Moreover, his minor daughter and Estate have similarly suffered these losses as a result of Han's death, which was a result of Tesla's negligence.

### B. Defendant's Defenses:

On May 16, 2022, at approximately 2:00 pm, Decedent Hans Von O'Hain picked up his neighbor Erik Rossiter and headed to Bear Creek Golf Club for an afternoon of golf and drinking. Von O'Hain was driving his 2021 Tesla Model 3, which was equipped with certain driver assistance systems (e.g., Autosteer, Traffic Aware Cruise Control, Automatic Emergency Braking and Forward Collision Warning), often referred to as "Autopilot." Autopilot is an SAE Level 2 system in which the driver is fully responsible for driving and monitoring the vehicle at all times.

On the way, Von O'Hain safely navigated the two-lane winding roads from their homes in Evergreen, Colorado to Bear Creek Golf Club in Lakewood, Colorado. After arriving, Von O'Hain and Rossister spent the next approximately 6 hours playing golf and consuming an undetermined number of alcoholic beverages. By the time they left Bear Creek Golf Club, Von O'Hain and Rossiter each had a blood alcohol content ("BAC") more than 3 times the legal limit.

During the drive home, in the same car on the same roads, Von O'Hain drove his 2021 Tesla Model 3 off the righthand side of Upper Bear Creek Road, a paved two-lane winding road in Clear Creek County, and crashed head-on into a tree. Rossiter survived; Von O'Hain did not. Von Hain's autopsy results show he had a BAC of .264. Rossiter registered a BAC of .258. There is no evidence that Von O'Hain had Autopilot engaged at the time of the crash. In fact, the only available data from the vehicle is that Autopilot was not engaged at the time of the crash, and that is consistent with

6

the nature and circumstances of this crash. Plaintiffs seek to attribute the crash to Autopilot rather than intoxication, but they have no evidence of the former and ample evidence supporting the latter.

This is not a case of an Autopilot defect—it is a case of drunk driving. Drunk driving accidents happen every day. They are not unique to Autopilot features; they are not unique to Tesla vehicles. Von O'Hain operated his Tesla in an intoxicated state causing him to run his vehicle off the paved road and crash into a tree.

Von O'Hain's 2021 Tesla Model 3 and its component parts were carefully designed and thoroughly tested, complied with all applicable Federal Motor Vehicle Safety Standards, were fit for their intended uses, without non-conformities or defects, and complied with all express limited written warranties.

While Tesla maintains that Von O'Hain was not operating his Tesla with Autopilot features engaged at the time of the crash, even if the features were engaged, the car is not "self-driving" or an "autonomous" vehicle. Instead, Von O'Hain was responsible at all times to act as the driver of the vehicle and should not have operated the vehicle while intoxicated. The best proof of the safety of the system with an attentive sober driver is the testimony of the passenger who said the driver (Von O'Hain) drove the same route in the same car on Autopilot on the way to the golf course. Rossiter says Von O'Hain manually corrected several times on the drive there and got them to the golf course "safe and sound." The only difference between the drive there and the drive home was Von O'Hain's BAC. Von O'Hain, as the driver of the 2021 Tesla Model 3, was negligent in a manner that caused the crash such that

7

he is unable to claim damages. The cause of the crash was Von O'Hain's conduct, unreasonable use, and/or lack of attentiveness necessary to operate a motor vehicle reasonably and safely; thus, the crash was not caused in any manner by acts or omissions of Tesla.

Tesla also denies Plaintiffs' claims about marketing of the subject vehicle and business practices. Tesla has been abundantly clear that Autopilot is a suite of driver assistance features. At no point did Tesla ever tell Decedent (or the general public) that Tesla Autopilot completely relieves drivers of any and all driving responsibilities. To the contrary, Decedent was advised and warned that, as the driver, he alone was responsible for paying attention to the roadway and always being ready to take full control of the vehicle at all times.

### IV. UNDISPUTED FACTS

It is undisputed that Defendant Tesla, Inc. manufactured the subject vehicle -2021 Tesla Model 3 (VIN:5YJ3E1EB0MF965608). It is undisputed that on or about June 1, 2021, Decedent Hans Christopher Von O'Hain and Plaintiff Nora Bass purchased the subject vehicle. It is undisputed that on May 16, 2022, Decedent Hans Von Ohain, was the driver of the 2021 Tesla Model 3; while traveling westbound along Upper Bear Creek Road, just west of Murphy Road, in Clear Creek County, Colorado, the vehicle crashed, and Hans Von O'Hain died as a result. An autopsy of Decedent was conducted on May 20, 2022 at 7:45 AM. Decedent's blood was collected on May 20, 2022 at 8:15 a.m., approximately 3.5 days after his death. NMS Labs completed the toxicology of Decedent and reported a .264 BAC.

8

## V.  COMPUTATION OF DAMAGES

**Rule 26(a)(1)(A)(iii) – Computation of Damages by Plaintiffs**

**Economic Damages**
1. Medical Expenses: $100,000 – based on bills and receipts
2. Funeral and Burial Expenses: $50,000 - based on bills and receipts
3. Loss of Financial Support: $2,000,000 – based on decedent's earnings
4. Loss of Benefits: $2,000,000 - based on decedent's earnings
5. Loss of Services: $2,000,000 - based on decedent's earnings
6. Reasonable attorney's fees pursuant to C.R.S. § 6-1-113 – to be determined.

**Non-Economic Damages**
1. Pain and Suffering: $20,000,000
2. Loss of Consortium: $12,000,000
3. Emotional Distress: $11,000,000

## VI.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

A.  On August 20, 2024, counsel for the parties conducted a video meet and confer conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

B.  **Plaintiffs were represented by:**

Carol A. Baidas, Esq., of MLG Attorneys at Law, APLC, located at 600 Anton Boulevard, Suite 1200, Costa Mesa, California, 92626; email: cbaidas@defectattorney.com, telephone: 949-581-6900.

C.  **Defendant was represented by:**

Joel H. Smith and Kent Warren, of Bowman and Brooke, LLP, located at 1441 Main St., Suite 1200, Columbia, SC 29201; email: joel.smith@bowmanandbrooke.com; email: kent.warren@bowmanandbrooke.com; telephone: 803-726-7422.

9

D.   **Initial Disclosures:**

Plaintiff made their Initial Disclosure pursuant to Fed. R. Civ. P. 26(a)(1) on or about July 18, 2024.

Tesla made their Initial Disclosure pursuant to Fed. R. P. 26(a)(1) on September 3, 2024.

E.  **Proposed Changes to Disclosures:**

None.

F.  **Agreements to Conduct Informal Discovery:**

None.

G.  **Agreements/Procedures to Reduce Discovery and Litigation Costs:**

None.

H.  **Summary of Possibility of Early Settlement or Alternative Dispute Resolution:**

The parties have discussed the possibility of early settlement discussions and believe that such discussions would be premature and not productive.

VII.   **CONSENT TO MAGISTRATE JUDGE**

Pursuant to D.C.COLO.LCivR. R 40.1(c) and 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate

judge must complete and file the court- approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.

All parties ☐ [have]      X [have not] consented to the exercise of jurisdiction of a magistrate judge.

## VIII. DISCOVERY LIMITATIONS

The Parties intend in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. Although the case is in very early stages, the Parties will reasonably try work within the limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1).

**A.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Maximum number of depositions by any party: 12, excluding experts.

Maximum number of interrogatories by any party to any party: 25, including all discrete subparts, per Fed. R. Civ. P. 33.

**B.   Limitations which any party proposes on the length of depositions:**

1 day of 7 hours, unless otherwise stipulated or order by the court, in accordance with Rule 30(d) of the Federal Rules of Civil Procedure.

**C.   Limitations which any party proposes on the number of requests for production and/or requests for admission:**

11

   Maximum number of 30 Requests for Production and 30 Requests for Admission.

  D. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

   ~~30 days before the close of discovery~~. August 29, 2025

  E. **Other Planning or Discovery Orders:**

Tesla anticipates submitting a proposed protective order regarding the use of confidential and proprietary documents and information.

**IX.** **CASE PLAN AND SCHEDULE**

A. **Joinder of Parties and Amendment of Pleadings** shall occur no later than 45 days after the September 12, 2024 Scheduling Conference, Monday, October 28, 2024.

B. **Discovery Cut-off:** September 29, 2025.

C. **Dispositive Motion Deadline/Deadline for Motions Pursuant to Fed. R. Evid. 702:** November 28, 2025.

D. **Expert Witness Disclosure:**

  1. Anticipated fields of expert testimony: accident reconstruction, forensic toxicology, biomechanics, ADAS development, software design, automated system capabilities and limitations, human factors, forensic

12

    pathology, statistical analysis, EDR analysis, thermal burn pathophysiology

2. Limitations which the parties propose on the use or number of expert witnesses: None, other than those set forth in the Federal Rules of Civil Procedure. Each side shall be limited to 8 retained expert witness, inclusive of rebuttal experts, absent leave of court.

3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 30, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 31, 2025.

**E. Persons to be Deposed By Plaintiffs**

**In addition to several of the persons noted by Defendant:**

1. Ashok Elluswamy
2. Andrej Karpathy
3. Tesla various Persons Most Qualified
4. Brian Peterson
5. Christopher Von O'Hain
6. Pamela Von O'Hain
7. Gary Gramling
8. Matthew Zuchero

9. Ashlei Austin

10. Francesca Rato

11. Defendant's experts

12. Those additional witnesses identified during the course of investigation and discovery.

**F. Persons to Be Deposed By Defendants**

1. Nora Bass

2. Erik Rossiter

3. Chris Von Ohain

4. Trooper S. McCall

5. Sgt. R. E. Madden

6. Trooper Valadez

7. Dr. Lingamfelter

8. Trooper Gilberto Cardenas

9. Plaintiffs' experts

10. Additional witnesses as identified through investigation and discovery.

**X.   FURTHER CONFERENCE DATES**

**Status Conferences** will be held in this case at the following dates and times:

> None at this time. Future status conferences may be set at the request of the parties or the Court. On or before **May 1, 2025** the parties shall file a joint status report regarding the progress of discovery.

~~**A Final Pretrial Conference** will be held in this case on _____ at _____ o'clock. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~ A combined Final Pretrial Conference and Trial Preparation Conference will be set by Judge Crews after the dispositive motions deadline has passed and the Court has issued rulings on all such motions.

## XI. OTHER SCHEDULING MATTERS

**A. Discovery or Scheduling issues**, on which counsel after a good faith effort, were unable to reach an agreement: Limit on Scope of Discovery.

**Tesla's Position:**

Tesla believes that the circumstances of this case require application of proportionality. Plaintiffs have filed a case against Tesla claiming design defects even though the evidence demonstrates that this crash was caused by Decedent's intoxication. Plaintiffs allege that the vehicle's "Autopilot system unexpectedly caused the 2021 Tesla Model 3 to sharply veer to the right, leading it off the pavement, where it crashed into a large tree and then burst into flames." There is no evidence, however, to show that the vehicle's Autopilot feature was engaged at the time of the crash, much less that it caused or contributed to the crash. The only available data from the vehicle is that Autopilot was not engaged at the time of the crash. In addition, front seat passenger Mr. Rossiter made a post-incident statement to the police that "I am not sure whether [Decedent] was doing the auto drive feature

15

or if he was driving himself…." Unless and until Plaintiffs have shown that the Autopilot feature was engaged, Tesla should not be subjected to expensive and burdensome discovery regarding the Autopilot system. Plaintiffs will claim their allegation alone is sufficient to require Tesla to respond fully to discovery of the Autopilot system, but in the face of such clear evidence of a non-defect cause of this crash, as well as the complete absence of evidence that Autopilot was engaged, mere allegations should not suffice to create an expensive discovery burden.

Tesla will ask that the scope of discovery be limited unless and until Plaintiff demonstrates that there is some feature of this Model 3 that contributed to the crash. Within this scope Tesla believes that investigation and depositions of multiple witnesses and investigating officers should move forward promptly. If this initial phase of discovery indicates that the cause of this crash has nothing to do with the Tesla design, in particular the Autopilot feature, discovery of Tesla documents and depositions of Tesla witnesses should be limited. At that point medical evidence discovery should also take place.

**Plaintiffs' Position:**

Plaintiffs contests Tesla's request to limit discovery. Plaintiffs are not required to demonstrate proof of a defect at this stage of the proceedings. The Federal Rules of Civil Procedure do not impose a burden on a plaintiff to prove an element of the case prior to engaging in discovery; in fact, the purpose of discovery is to allow each party to have the opportunity to gather facts and evidence to either support or dispute claims and defenses. Plaintiffs disagree that evidence of a non-defect is

16

clear. Further, this is not the proper forum for Defendant's argument. Defendant had an opportunity to contest the sufficiency of Plaintiffs' claims and file a Motion to Dismiss, but chose instead to Answer the Complaint

For the reasons discussed on the record at the Scheduling Conference, the court is not staying discovery or allowing discovery to proceed piecemeal. The instant Scheduling Order reflects the discovery schedule that governs the entirety of the case and all proceedings. The parties should proceed accordingly. To the extent discovery disputes arise and the parties, after conferral, cannot resolve the issue, they may utilize the court's informal discovery dispute procedures.

### B. Trial Estimate:

The parties agree that trial should last approximately 15-20 court days. The parties also request a trial by jury.

**C. Identify pretrial procedures** Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301. None.

## XII. <u>NOTICE TO COUNSEL</u>

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### XII. AMENDMENTS TO SCHEDULING ORDER

The parties and their counsel understand that the scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 24th day of October, 2024              .

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:

_____              _____
Jonathan A. Michaels                                              Joel Smith
Carol A. Baidas                                                         Bowman and Brooke LLP
MLG Attorneys at Law, APLC                                1441 Main St., Suite 1200
600 Anton Blvd., Ste. 1200                                     Columbia, SC 29201
Costa Mesa, CA 92626                                           (803) 726-7422

(949) 581-6900

Attorneys for Plaintiffs

Kent Warren
Bowman and Brooke LLP
6000 Fairview Rd, Suite 1200
Charlotte, NC 28210
(980) 987-3715

Attorneys for Defendant