UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:24-cv-01760-SKC-SBP

NORA BASS, individually, and as personal representative
of the ESTATE OF HANS VON OHAIN, deceased; and
R.V.O., a minor, who proceeds by her next friend and
natural guardian NORA BASS,

        Plaintiffs,

v.

TESLA, INC.; and DOES 1 to 25, inclusive,

        Defendants.

---

## TESLA, INC.'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

Pursuant to Fed. R. Civ. P. 56 and Judge Crews's Standing Order for Civil Cases, Defendant Tesla, Inc. ("Tesla") respectfully submits this Separate Statement of Undisputed Facts in support of its Motion for Summary Judgment filed contemporaneously herewith.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 1. On May 16, 2022, Hans Von Ohain was driving his 2021 Tesla Model 3 (VIN 5YJ3E1EB0MF965608) home with a neighbor, Mr. Erik Rossiter, after spending nearly six hours playing golf and drinking alcoholic beverages at Evergreen Golf Course in Evergreen, Colorado.[1] (Ex. A, Colorado State Patrol File at 1-3.) | | |
| 2. According to the Colorado State Patrol File, Mr. Von Ohain drove his vehicle off the road and crashed at 9:05 PM. (*Id.* at 1.) | | |
| 3. Mr. Von Ohain was driving the vehicle at 88 mph within the five seconds before colliding with a tree just off the right side of Bear Creek Road in Clear Creek County. (Ex. B, Tesla EDR Report at 8.) | | |
| 4. Mr. Von Ohain died in the accident; Mr. Rossiter did not. (Ex. A, at 1.) | | |
| 5. Mr. Rossiter was transported to St. Anthony Hospital, where his blood alcohol level was documented as .258. (*Id.* at 6.) | | |

---

[1] Mr. Rossiter's statement to officers on the night of the accident was that the two men were at Bear Creek Golf Club. Plaintiffs used this statement when filing the lawsuit. After months of investigation and subpoenas issued, Tesla became aware that Mr. Von Ohain and Mr. Rossiter were not at Bear Creek Golf Club, but rather at Evergreen Golf Club.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 6. Mr. Von Ohain's autopsy confirmed that his blood alcohol level was a .264. (*Id.* at 5.) | | |
| 7. On May 3, 2024, Plaintiffs commenced a wrongful death action against Tesla in the District Court of the State of Colorado, County of Clear Creek, alleging claims sounding in strict liability, negligence, breach of warranty, fraudulent concealment and violations of the Colorado Consumer Protection Act. (ECF 4, Compl. ¶¶ 18-119.) | | |
| 8. Tesla was served on May 23, 2024, and removed this action to the United States District Court for the District of Colorado. (ECF 1.) | | |
| 9. The 2021 Tesla Model 3 is equipped with a set of driver assist features collectively known as "Autopilot," which consists of two primary features: (1) Traffic-Aware Cruise Control, an adaptive cruise control system that helps drivers maintain a safe distance behind a detected vehicle in the same lane—to maintain the posted speed limit, and (2) Autosteer, which provides lane centering. (Ex. D, Excerpts of Tesla Model 3 Owner's Manual at 2.) | | |

3

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| 10. Autopilot cancels or turns "OFF" several ways including when the driver presses the brake pedal, shifts the vehicle into a different mode, opens a door, or exceeds maximum cruising speed. (*Id*. at 8.) | | |
| 11. Throughout Plaintiffs' Complaint, Plaintiffs allege that the Autopilot system caused the accident, including:<br><br>a. "Decedent Hans Von Ohain activated the 2021 Tesla Model 3's Autopilot features for the drive. With no obstacles on the road, the vehicle easily passed the Murphy Road intersection. However, shortly thereafter, and with no prior indication, the Autopilot system unexpectedly caused the 2021 Tesla Model 3 to sharply veer to the right, leading it off the pavement." (ECF 4, Compl. ¶14.)<br><br>b. "Decedent Hans Von Ohain fought to regain control of the vehicle, but, to his surprise and horror, his efforts were prevented by the vehicle's Autopilot features, leaving him helpless and unable to steer back on course." (*Id*. ¶ at 15.)<br><br>c. "Had the Autopilot features of the 2021 Tesla Model 3 operated properly, the vehicle would not have veered off the road, collided | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| with a tree, burst into flames, and Hans Von Ohain's gruesome and painful death would have been avoided." (*Id.* at ¶ 18.)<br><br>d. "Defendant Tesla, Inc. knowingly released its Autopilot system for sale in vehicles when it was in a prototype state and unready for consumers. Because of the market pressures the company was experiencing, Defendant Tesla, Inc. made the conscious decision to release the 2021 Tesla Model 3 with prototypical software even though it: 1) admittedly had no experience in mass-producing vehicles; 2) knew that it could be releasing defect-laden vehicles to the public; and, 3) had no way of telling which vehicles it released, or how many, might contain defects." (*Id.* at ¶ 84.)<br><br>e. "Defendant Tesla, Inc. was aware of the inadequacies and defects with the vehicle's Autopilot. Defendant Tesla, Inc. failed to disclose to purchasers that the Autopilot system on the 2021 Model 3 was in a prototypical, or beta, state." (*Id.* at ¶ 85.) | | |
| 12. Four months after Plaintiffs filed the Complaint, the parties participated in a Rule 26(f) | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| Conference and jointly submitted a Rule 26(f) Report. (*See* ECF 21.) Again, Plaintiffs purported to bring solely Autopilot defect claims, including certifying the following statements to the Court:<br><br>a. "Plaintiffs maintain that the Decedent was operating his Tesla with the Autopilot features engaged." (*Id.* at 2-3.)<br><br>b. "During the ride home that evening, the Tesla's Autopilot system unexpectedly caused the 2021 Tesla Model 3 to sharply veer to the right, leading it off the pavement, where it crashed into a large tree and then burst into flames." (*Id.* at 3.)<br><br>c. "Plaintiffs assert that the design/manufacturing defect(s) existing in the subject vehicle caused it to veer off the roadway and into the tree." (*Id.*)<br><br>d. "Tesla released the 2021 Tesla Model 3 with prototypical software even though it was aware of the inadequacies and defects with the vehicle's Autopilot." (*Id.*)<br><br>e. "Defendant Tesla, Inc. did not disclose to purchasers that the Autopilot system on the 2021 Model 3 was in a prototypical state | | |

6

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| and that it was nowhere near the level of automation that would allow the vehicle to literally drive itself." (*Id.*)<br><br>f. "In so doing, Tesla concealed the low level of autonomy the car actually possessed, and convinced consumers, including Decedent, that the vehicle was capable of driving without any input from a human." (*Id.* at 5.) | | |
| 13. On December 31, 2024, Plaintiffs supplemented their responses to Tesla's First Set of Interrogatories after Tesla requested additional responses due to deficiencies. (Ex. E, Pls.' Supp. Resps. to Def.'s 1st Interrogs.) In their responses, Plaintiffs described the crash and their claims as follows:<br><br>a. "Decedent Hans Von Ohain was traveling along Bear Creek Road, just west of Murphy Road, in Clear Creek County, Colorado, and made use of the Autopilot system that was equipped in his 2021 Tesla Model 3. Suddenly and without warning, shortly after the Murphy Road intersection, Decedent Hans Von Ohain's 2021 Tesla Model 3 Autopilot system veered the vehicle to the right, driving the vehicle off the paved road and into a tree, where the | | |

7

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| vehicle burst into flames shortly afterwards. Decedent Hans Von Ohain attempted to regain control of the vehicle but was unable to. Decedent's passenger was able to self-extricate and was transported to a hospital. Plaintiffs believe that the Autopilot system equipped in decedent Hans Von Ohain's 2021 Tesla Model 3 malfunctioned and drove the vehicle off the paved road and into a tree." (*Id* at No. 6.)<br><br>b. "Plaintiffs contend that the autopilot feature equipped in decedent's 2021 Tesla Model 3 was defectively designed and defectively manufactured so as to cause the 2021 Tesla Model 3 to drive off the paved road and into a tree, where the vehicle burst into flames shortly afterwards." (*Id.* at No. 10, 11, and 12.)<br><br>c. "Plaintiffs argue that Tesla should have designed the driver assistance software so as to prevent it from engaging under conditions where full self-drive may not function properly, such as narrow roads with oncoming cars and curving roads." (*Id.* at No. 12.)<br><br>d. "Plaintiffs contend that Tesla made misrepresentations to decedent, including but not limited | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| to, misrepresentations regarding the safety, abilities, and limitations of Tesla's full self-driving auto-pilot feature. Specifically, Plaintiffs contend that Tesla's full self-driving auto-pilot feature failed to stay on the road and instead, suddenly veered off its intended path and into a tree. It was represented to decedent that Tesla's full self-driving auto-pilot feature, which was Tesla's most advanced driver-assistance technology, had not been involved in any accidents nor injuries, and that the full self-driving auto-pilot feature was programmed to guide the vehicle almost everywhere, from quiet suburban roads to busy city streets. Plaintiffs also contend that Tesla's full self-driving auto-pilot feature prevented decedent from disengaging the full self-driving auto-pilot feature to correct the path of the vehicle back onto the road. Tesla's user agreement represented that drivers should be engaged and ready to take over from the full self-driving autopilot feature, yet, when decedent attempted to disengage the auto-pilot feature, he was not able to." (*Id.* at No. 13.)<br><br>e. "Plaintiffs contend that Tesla made misrepresentations to | | |

9

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| decedent, including but not limited to, misrepresentations regarding the safety, abilities, and limitations of Tesla's full self-driving auto-pilot feature. Specifically, Plaintiffs contend that prior to purchasing the vehicle, Tesla repeatedly misrepresented the safety and effectiveness of Tesla's full self-drive auto-pilot feature in interviews, social media posts, and news articles." (*Id.* at No. 14.)<br><br>f. "Specifically, Plaintiffs contend that Tesla's full self-driving auto-pilot feature failed to stay on the road and instead, suddenly veered off its intended path and into a tree." (*Id.* at No. 15.)<br><br>g. "Had the Autopilot features of the 2021 Tesla Model 3 operated properly, the vehicle would not have veered off the road, collided with a tree, burst into flames, and Hans Von Ohain's gruesome and painful death would have been avoided." (*Id.* at No. 18.) | | |
| 14. Tesla has maintained throughout twenty-one months of litigation that there is no evidence that Mr. Von Ohain had Autopilot engaged at the time of the accident and that the only available data from the vehicle shows that Autopilot was not engaged at the | | |

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| time of the crash.[2] (*See* ECF 21 at 6-8.) | | |
| 15. On September 3, 2025, at a joint vehicle inspection, Tesla's experts removed the computer chip from the Model 3's damaged EDR. Data from the five seconds immediately preceding the crash was downloaded and provided to both parties. (Ex. B, at 8.) | | |
| 16. The EDR data showed that five seconds before the crash Mr. Von Ohain was driving the Model 3 at 88 miles per hour. (*Id*.) | | |
| 17. Mr. Von Ohain was driving the Model 3 48 miles per hour over the posted speed limit in the area of the crash. (Ex. A, at 11). | | |
| 18. In an October 23, 2025 email, Plaintiffs' counsel, Travis Eagan, confirmed that Plaintiffs are no longer "pursuing an autopilot defect claim." (Ex. C, at 1.) | | |
| 19. Tesla produced additional telemetry data from the Autopilot computer confirming Autopilot | | |

---

[2] Tesla was unable to inspect the EDR for the vehicle until September 3, 2025 and the data definitively proved that Autopilot was not engaged at the time of the accident. The EDR was turned over to Plaintiffs' counsel's firm and retained expert by Colorado State Patrol in **July 2022**. Although this critical evidence was at Plaintiffs' fingertips for well over one year before this lawsuit was filed, Plaintiffs chose to ignore (or perhaps conceal) this evidence, while continuing to represent to this Court that a defect in the vehicle's Autopilot system caused the crash and the death of Mr. Von Ohain.

| Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|
| was not engaged at the time of the crash. (Ex. E.) | | |
| 20. The D15 telemetry log is telemetry data from the Autopilot computer that is transmitted over-the-air to Tesla each time there is a state change (e.g., engaged to disengaged), along with a timestamp and associated vehicle speed. The last entry in the D15 telemetry Tesla received from the vehicle (and produced to Plaintiffs) shows the Autopilot state turned from "Active" to "Off" while the vehicle was traveling 35 mph. (Ex. E.) | | |
| 21. The Autopilot "Off" timestamp received from the vehicle was at 8:55 pm. (Ex. E.) | | |

Dated:  March 17, 2026.     Respectfully submitted,


*s/ Clarissa M. Collier*
Clarissa M. Collier
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email: collier@wtotrial.com

12

Joel H. Smith
Bowman & Brooke LLP
1441 Main St., Suite 1200
Columbia, SC 29201
Telephone:    803.726.7422
Email: joel.smith@bownmanandbrooke.com

Anne C. Warren
Kent Warren
Samantha L. LeJune
Bowman & Brooke LLP
6000 Fairview Road, Ste. 1200
Charlotte, NC  28210
Telephone:  980.987.3717
Email: annie.warren@bowmanandbrooke.com
        Kent.warren@bowmandbrooke.com
        Samantha.lejune@bowmanandbrooke.com

*Attorneys for Defendant Tesla, Inc.*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on March 17, 2026, I electronically filed the foregoing **TESLA, INC.'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Drew Morgan**
  dmorgan@defectattorney.com

- **Travis R. Eagan**
  teagan@defectattorney.com

- **Clarissa M. Collier**
  collier@wtotrial.com, allen@wtotrial.com, gregory@wtotrial.com

- **Jonathan A. Michaels**
  jmichaels@defectattorney.com, kcorrigan@defectattorney.com,

- **Joel Haywood Smith**
  joel.smith@bowmanandbrooke.com

- **Annie C. Warren**
  annie.warren@bowmanandbrooke.com

- **Robert Kent Warren**
  kent.warren@bowmanandbrooke.com,
  Kathleen.Crimi@bowmanandbrooke.com, chrissy.cyr@bowmanandbrooke.com

*s/ Clarissa M. Collier*